UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEL PLETT,<br><br>            Plaintiff,<br><br>      v.<br><br>S. FOSTER and WALLARD,<br><br>            Defendants. | Case No.  1:22-cv-01261-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE[1]<br><br>14-DAY DEADLINE |

Plaintiff Mikel Plett is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends that the District Court dismiss this action without prejudice for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). On June 29, 2023, pursuant to 28 U.S.C. § 1915A the Court issued a screening order finding the Complaint failed to state a federal claim against any Defendant. (*See generally* Doc. No. 12). Plaintiff timely filed a first amended complaint ("FAC") on July 13, 2023. (Doc. No. 13). On October 4, 2023, the Court screened the FAC and found it failed to

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

state a claim. (*See* Doc. No. 16). The Court afforded Plaintiff three options to exercise no later than November 3, 2023: (1) file an amended complaint; (2) file a notice that he intends to stand on the FAC subject to the undersigned recommending the district court dismiss for reasons stated in the October 4, 2023 Screening Order; or (3) file a notice to voluntarily dismiss this action, without prejudice, under Federal Rule of Civil Procedure 41(a)(1) because no defendant had yet been served. (*Id*. at 6-7). Plaintiff was required to deliver his response to the Court's Screening Order to correctional officials for mailing no later than November 3, 2023. (*Id*. at 7 ¶ 1).

The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order or seek an extension of time to comply" the undersigned "will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and prosecute this action." (*Id*. ¶ 2). As of the date of this of this Findings and Recommendation, Plaintiff has failed to exercise any of the three options from the Court's Screening Order, or request an extension of time to comply, and the time to do so has expired.[2] (*See* docket.)

**APPLICABLE LAW AND ANALYSIS**

**A. Legal Standard**

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, this Court's Local Rules, which correspond with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61

---

[2] As of the date of these Findings and Recommendation, 17 days have passed from the date Plaintiff was to deliver his response to correctional officials for mailing, providing sufficient time for mailing.

(9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

1  the third factor weighs in favor of dismissal.

2  The fourth factor usually weighs against dismissal because public policy favors the
3  disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).
4  However, "this factor lends little support to a party whose responsibility it is to move a case
5  toward disposition on the merits but whose conduct impedes progress in that direction," which is
6  the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,
7  1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on
8  multiple failures by aspiring litigants to follow the rules and requirements of our courts."
9  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary
10 dismissal with prejudice of habeas petition where petitioner failed to timely respond to court
11 order and noting "the weight of the docket-managing factor depends upon the size and load of the
12 docket, and those in the best position to know what that is are our beleaguered trial judges.").
13 Further, as set forth in the Screening Order, the Court already determined that the Complaint, as
14 pled, failed to state a claim, so this factor does not weigh in favor of the Plaintiff.

15 Finally, the Court's warning to a party that failure to obey the court's order will result in
16 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
17 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's October 4, 2023 Order
18 expressly warned Plaintiff that his failure to comply with the Court's order would result in a
19 recommendation for dismissal of this action. (Doc. 16 at 7 ¶ 2). Thus, Plaintiff had adequate
20 warning that dismissal could result from his noncompliance. And the instant dismissal is a
21 dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby
22 satisfying the fifth factor.

23 After considering the factors set forth *supra* and binding case law, the undersigned
24 recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

25 Accordingly, it is hereby **RECOMMENDED**:

26 This action be DISMISSED without prejudice for Plaintiff's failure to obey court orders
27 and failure to prosecute.

28 ////

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  A party's failure to file objections within the specified time may result in waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    November 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE