UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEL PLETT,<br><br>        Plaintiff,<br><br>    v.<br><br>S. FOSTER and WALLARD,<br><br>        Defendants. | No. 1:22-cv-01261-KES-HBK (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE NOTICE WITHIN 30 DAYS<br><br>Docs. 16, 17 |

      Plaintiff Mikel Plett filed this prisoner civil rights action against Defendants pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On June 29, 2023, the magistrate judge screened the complaint and determined Plaintiff had stated an Eighth Amendment claim against Defendant Foster in his individual capacity but found Plaintiff had not stated any other cognizable claims.  Doc. 12 at 1.  The magistrate judge provided Plaintiff three options: "file an amended complaint, file a notice to proceed only on his claims deemed cognizable, or stand on his [original] complaint subject" to the recommendation that the other claims and defendants be dismissed.[1]  *Id.*  Attached to the screening order was a blank form for filing an amended complaint.  Doc. 12-1.  Plaintiff then filed a first amended complaint, using the form provided to him, containing a single claim of excessive force by

---

[1] The findings and recommendations filed November 20, 2023, mistakenly indicate that the first screening order found Plaintiff failed to state a federal claim against any defendant.  Doc. 17 at 1.  As noted above, the first screening order found a cognizable Eighth Amendment claim against Defendant Foster.  Doc. 12 at 1.

1

1    Defendant Foster in violation of the First and Eighth Amendments.  The first amended complaint
2    appears to address, but with less detail, the same incident the magistrate judge found supported an
3    Eighth Amendment claim in the initial complaint.  *See* Doc. 13.  On October 4, 2023, the
4    magistrate judge issued a second screening order which found the first amended complaint failed
5    to state a federal claim, in part because it lacked sufficient details regarding the Eighth
6    Amendment claim.  Doc. 16.  The magistrate judge ordered Plaintiff to respond by November 3,
7    2023 and choose one of three options:  (1) file a notice stating Plaintiff intended to stand on his
8    original complaint and proceed only on the Eighth Amendment claim against Defendant Foster;
9    (2) file a notice that Plaintiff intended to stand on his first amended complaint, with the
10   understanding that the magistrate judge would recommend that the first amended complaint be
11   dismissed for failure to state a cognizable claim; or (3) file a notice of voluntary dismissal without
12   prejudice.[2]  *Id.* at 6-8.  Plaintiff did not file a response to the second screening order, and on
13   November 20, 2023, the magistrate judge issued findings and recommendations recommending
14   the district court dismiss this case for failure to obey court orders and failure to prosecute.
15   Doc. 17.  Plaintiff failed to file objections and the time to do so has passed.

16        In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of
17   this case.  The Court's June 29, 2023, initial screening order invited Plaintiff to file a notice if he
18   intended to proceed solely on the initial complaint's Eighth Amendment claim against Defendant
19   Foster, which the magistrate judge found was cognizable and could proceed.  Doc. 12.  It is
20   unclear whether Plaintiff intended his July 13, 2023, filing to serve as that notice, but he filed it
21   on an amended complaint form, and it was not unreasonable for the magistrate judge to conclude
22   that Plaintiff filed it as an amended complaint rather than as a notice to proceed on the cognizable
23   claim in the initial complaint.  *See* Docs. 13, 16.  Nonetheless, given that the magistrate judge
24   determined Plaintiff's initial complaint set forth a cognizable Eighth Amendment claim,

---

[2] The findings and recommendations mistakenly indicate that the first option the second screening order gave the Plaintiff was to file a further amended complaint.  Doc. 17 at 2.  The second screening order gave Plaintiff the option to file:  (1) "a Notice stating he intends to stand on his initial Complaint as screened and proceed only on those claims the Court deemed cognizable," (2) "a Notice that he intends to stand on the First Amended Complaint as screened," subject to the magistrate judge recommending that the first amended complaint be dismissed, or (3) a notice of voluntary dismissal without prejudice.  Doc. 16 at 7.

2

permitting Plaintiff one final opportunity to state how he wishes to proceed is appropriate under the circumstances.

Accordingly, the Court defers its ruling on the findings and recommendations to provide Plaintiff a **final** opportunity to file a notice. **Within thirty (30) days of the date of service of this Order**, Plaintiff must file a notice stating whether he: (1) intends to stand on his initial complaint (Doc. 1) as screened by the magistrate judge and proceed solely on the Eighth Amendment claim against Defendant Foster (*see* Doc. 12); (2) intends to stand on the first amended complaint (Doc. 13), understanding that the magistrate judge will recommend dismissal of the first amended complaint for the reasons stated in the second screening order (Doc. 16); or (3) wishes to voluntarily dismiss this action without prejudice under Federal Rule of Civil Procedure 41.

Accordingly, **IT IS ORDERED**:

1. **Within thirty (30) days following the date of service of this order, Plaintiff must file a notice stating whether Plaintiff:**
    a. intends to stand on his initial complaint (Doc. 1) and proceed on the Eighth Amendment claim against Defendant Foster that the magistrate judge found could go forward as stated in the initial screening order (Doc. 12);
    b. intends to stand on the first amended complaint (Doc. 13), understanding that the magistrate judge will recommend dismissal of the first amended complaint for the reasons stated in the second screening order (Doc. 16); **OR**
    c. wishes to voluntarily dismiss this action without prejudice under Federal Rule of Civil Procedure 41.
2. **Failure to timely respond to this Order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated: ___April 11, 2024___          _____
                                        UNITED STATES DISTRICT JUDGE

3