UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEL PLETT, <br><br>           Plaintiff, <br><br>      v. <br><br> S. FOSTER, WALLARD, and JOHN DOE, <br><br>           Defendants. | Case No.  1:22-cv-01261-KES-HBK (PC) <br><br> ORDER RECALLING FINDINGS AND RECOMMENDATIONS <br><br> (Doc. No. 17) <br><br> ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) OF CERTAIN DEFENDANTS AND CLAIMS <br><br> ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANT <br><br> (Doc. No.  21) |

Plaintiff Mikel Plett, a prisoner, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983.  On June 29, 2023, this Court issued a screening order on Plaintiff's Complaint.  (Doc. No. 12).  As discussed in this Court's screening order, the Complaint states a cognizable Eighth Amendment excessive use of force claim against Defendant S. Foster but no other claim.  (*Id*. at 8).  Specifically, the Court found the Complaint did not state any cognizable claim against Defendants Wallard or John Doe, and no cognizable retaliation claim against Defendant Foster.  (*See generally id*.).  The Screening Order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a notice under Rule 41 that he is willing to proceed only on

the claims the court found cognizable in its screening order; or (3) stand on his Complaint subject to the undersigned issuing Findings and Recommendations to dismiss the defendants and claims not deemed cognizable.  (*Id*. at 8-9).

On July 13, 2023, Plaintiff filed a First Amended Complaint.  (Doc. No. 13).  On October 4, 2023, the undersigned issued a second Screening Order, finding the First Amended Complaint failed to state any cognizable claim and afforded the option to either (1) stand on his original Complaint as screened; (2) stand on his FAC subject to the undersigned recommending the district court dismiss the action; or (3) voluntarily dismiss the case. (Doc. No. 16 at 1).  On November 20, 2023, after Plaintiff failed to respond to the October 4, 2023 Screening Order, the undersigned issued a Findings and Recommendations ("F&R") to dismiss Plaintiff's case for failure to comply with court orders and failure to prosecute.  (Doc. No. 17).  Plaintiff did not file any objections to the F&R.  *See* docket.

On April 12, 2024, the newly assigned District Judge issued an Order directing Plaintiff to file a notice within 30 days electing one of three options: (1) stand on his initial Complaint and proceed with his Eighth Amendment claim against Defendant Foster; (2) stand on his first amended complaint subject to the magistrate judge recommending dismissal, or (3) voluntarily dismiss the case without prejudice.  (Doc. No. 21 at 3).  On April 19, 2024, Plaintiff filed a signed Notice stating, "Yes, I want (A) intend to stand on his inital [sic] complaint & proceed on the eighth Amendment claim agenst [sic] Defendant Foster . . ."  (Doc. No. 22).  The Court construes the pleading as notice pursuant to Rules 41 and 15.

Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i).  Here, no party has answered or moved for summary judgment.  *See* docket.  Further, the Ninth Circuit recognizes a party has an absolute right prior to an answer or motion for summary judgment to dismiss fewer than all named defendants or claims without a court order.  *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).  And Plaintiff may properly dismiss certain claims against a Defendant under Federal Rule of Civil Procedure 15(a). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a)

"is appropriate mechanism" when party is eliminating an issue or one or more claims but not completely dismissing a defendant). In accordance with Plaintiff's notice, Defendants Wallard and John Doe and the remaining claims against Defendant Foster are dismissed without prejudice by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i); Fed. R. Civ. P. 15(a). Plaintiff's Complaint will proceed on Plaintiff's Eighth Amendment excessive use of force claim against Defendant Foster. (*See* Doc. No. 1). The Court will direct service of process on Defendant Foster by separate order.

Accordingly, it is **ORDERED**:

1. The Findings and Recommendations filed on November 20, 2023 (Doc. No. 17) are **RECALLED**.
2. The Clerk of Court shall correct the docket to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of Defendants Wallard and John Doe.
3. The Court will direct service upon Defendant Foster by separate Order.

Dated:     April 22, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3